GARY R. BASHAM (Bar No. 130119)
NANCY L. McCOY (Bar No. 184983)
AARON R. JACKSON (Bar No. 233816)
BASHAM LAW GROUP
1545 River Park Drive, Suite 205
Sacramento, CA  95815
Telephone:  (916) 993-4840
Facsimile:  (916) 993-4849

Attorneys for Defendants,
SEARS, ROEBUCK AND CO. and
SEARS HOLDINGS MANAGEMENT
CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY A. DAYTON,<br><br>          Plaintiff,<br><br>    v.<br><br>SEARS ROEBUCK AND CO., a New York Corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>          Defendants. | Case No. 2:12-CV-01945-GEB-CKD<br><br>**AMENDED STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, the parties believe that discovery in this action will involve production by the parties of documents, material, or testimony containing or concerning confidential or proprietary business or financial or trade-secret information, or other information which otherwise may be deemed confidential;

WHEREAS, in light of these confidentiality concerns, the parties mutually wish to establish procedures which will be fair to each of them.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and between Plaintiff JUDY A. DAYTON ("Plaintiff") and Defendant SEARS, ROEBUCK AND CO. and SEARS HOLDINGS MANAGEMENT CORPORATION ("Defendants"), collectively ("the parties"), by and through their attorneys of record:

1. This Confidentiality Order ("Order") shall govern the designation and handling of documents, records, discovery responses, or testimony containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information, including but not limited to medical records or retirement documents, or private information relating to third parties produced in this lawsuit, whether produced by the parties or by third parties.

2. With respect to any confidential information or documents within the scope of paragraph 1 above, the person or entity producing the documents or information may designate, at or prior to the time of production of documents or disclosure of other discovery material, all or any portion of such material, documents or information as "confidential" by notice legend on the documents or materials, or by designating in writing to other parties, as provided in paragraph 10 below, the document numbers of such documents containing confidential information.

3. A party may designate any portion of deposition testimony or exhibits as "confidential" information under the terms of this Order on the record during the deposition or within ten days after receipt of the transcript, by notice legend on the transcript.

4. A party may designate any material produced as "confidential" pursuant to this Order. A party may designate as "confidential" any information that the party in good faith believes constitutes confidential information within the scope of paragraph 1 above. The parties may designate as "confidential" any confidential personal information or information subject to a legally protected right of privacy.

5. The term "Confidential" information as used herein shall mean all information contained or set forth in any document, material or testimony which has been designated by any party or third party as confidential pursuant to the terms of this Order.

6. Unless otherwise ordered by the Court in this action, all confidential information will be held by the receiving party solely for the use in connection with this litigation and will be maintained and disclosed only in accordance with this Order.  Experts referred to in paragraph 7(d) who have complied with the requirements of paragraph 7 hereof may review and

retain certain documents and other Confidential information for purposes of study, analysis, and preparation in connection with the case.

7. Except with prior written consent of the party designating the information as Confidential, or upon prior order of this Court obtained upon notice to counsel for all parties, Confidential information shall not be disclosed by any party to any person other than:

- a) counsel for the respective parties to this litigation, including in house counsel for purposes related to this litigation;
- b) employees or independent contractors of each such law firm;
- c) any named party;
- d) experts, consultants, or advisors employed or utilized by counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;
- e) the Court and court personnel, including stenographic reporters as necessary incident to the preparation for trial or trial of this action;
- f) noticed or subpoenaed deponents and their counsel; and
- g) any person identified as having authored or previously reviewed or received the Confidential material at issue.

Confidential documents may be shown to any person listed in sub paragraph d) and f) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification"). A party that has produced particular Confidential documents (as opposed to a party that has received the Confidential documents) may, however, disclose such Confidential documents to any person or entity, with or without any conditions to such disclosure, as the party deems appropriate. Counsel for each party will make a good faith effort to persuade non-party deponents who are not current employees, officers, directors, or shareholders of any party to sign Exhibit "A".

8. Counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 7. These Certifications need not be

disclosed to the opposing parties absent further order by the Court.

9. Any person receiving Confidential information shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

10. When any discovery material produced or disclosed, or any deposition testimony given, is claimed to contain Confidential information, it shall be stamped or marked "CONFIDENTIAL" or with similar legend. In the event, however, that a party produces original documents for inspection or copying, the party may designate Confidential information by document number, and the appropriate legend shall be placed on the documents by the producing party during the copy process. If the claim is made at deposition that subject matter or material is Confidential or contains or concerns Confidential information, the court reporter shall stamp or mark the appropriate legend on the cover page and relevant pages of the transcript. If the claim is made within ten days after receipt of the deposition transcript, the party designating the material Confidential shall inform counsel for all parties, in writing, of the specific pages of the transcript to be treated as Confidential. Upon receipt of such notice, any person or party in possession of copies of such designated transcript shall affix a suitable legend thereto.

11. In the event that counsel for any party determines to file with or submit to the Court (a) any Confidential material, or information derived therefrom, or (b) any papers containing or making reference to such information, such counsel shall provide written notice to the counsel for the opposing party three (3) court days prior to the date such counsel intends to submit any such information to the Court. Such written notice shall identify the specific bates-numbered pages of the Confidential material (or information derived therefrom or reference made thereto) that the party intends to submit to the Court. Such written notice is intended to allow the opposing party to seek a ruling from the Court that such information shall be filed under seal, in accordance with Eastern District of California Local Rule 141. Such information shall not be filed with the Court until the Court has ruled on the opposing party's request for an order that such information shall be filed under seal.

12. The parties shall not be obligated to challenge the propriety of a

confidential information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party objects at any stage of these proceedings to the propriety of a designation by a party of any information as confidential, the parties shall attempt first to dispose of the dispute in good faith on an informal basis.  If the disputed cannot be resolved, any party may seek appropriate relief from the Court, and the party challenging the Confidentiality designation shall have the burden of proving that the information designated as Confidential is not subject to the restrictions of this Order.  The party challenging the Confidentiality designation may not make any unauthorized disclosure of any information designated as Confidential unless and until the Court has ruled that the challenge information is not subject to the restrictions of this Order.

13.   All provisions of this Order restricting the communication or use of Confidential information shall continue to be binding after the concluding of this action unless subsequently modified by the agreement between the parties or under the Court.

14.   Within ninety (90) days after the final termination of this action, including all appeals, any and all Confidential information and all copies made thereof shall, at the option of the parties holding such information, either (a) be returned promptly to the party that produced the material, or (b) be destroyed, and a certificate to that effect shall be provided to the party that produced the material.  However, any work product (as defined under applicable law), pleadings, deposition transcripts or trial exhibits in this action may be retained by counsel subject to the terms of this Order.

15.   Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange or use of any document, testimony, interrogatory, response or other information produced, given or exchanged in the course of pretrial discovery in this action.

16.   This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party.  Nothing herein shall be deemed to waive any applicable privilege or to be construed as an acknowledgement of the applicability of any privilege.

17. All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after hearing, deem just. The terms and conditions of this Order shall remain in full force and effect until further order of this Court or a Court of competent jurisdiction and shall not cease to be in effect because this litigation is finally adjudicated. The Court shall retain jurisdiction over this matter after entry of final judgment to enforce the terms of this Order.

18. The inadvertent failure of any party to designate as confidential any document produced in the course of regular discovery in this action shall not constitute a waiver of that party's right to assert later that such document is confidential.

19. The court retains jurisdiction to make such amendments, modifications and additions to this order as it may deem appropriate.

Date: January 14, 2013                         SHIMODA LAW CORP.


                                               By:   */s/ Galen T. Shimoda*
                                                     GALEN T. SHIMODA
                                                     Attorney for Plaintiff
                                                     JUDY A. DAYTON


Date: January 14, 2013                         BASHAM LAW GROUP


                                               By:   */s/ Nancy L. McCoy*
                                                     GARY R. BASHAM
                                                     NANCY L. MCCOY
                                                     AARON R. JACKSON
                                                     Attorneys for Defendants,
                                                     SEARS, ROEBUCK AND CO. and
                                                     SEARS HOLDINGS
                                                     MANAGEMENT CORPORATION

**IT IS SO ORDERED.**

Dated: January 22, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

I _____, hereby state and declare that I have read and understand the attached Amended Protective Order of the United States District Court, Eastern District of California, in the matter of *Judy A. Dayton v Sears, Roebuck and Co. et al.*, United States Eastern District Court Case No. 2:12-cv-01945-GEB-CKD, and hereby agree to fully comply with the terms and conditions thereof. I further consent to the jurisdiction of the United States District Court, Eastern District of California with respect to enforcement of the Confidentiality Order.

Executed this ____ day of _____, 2013, at _____.

_____