1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUDY DAYTON,                               No.  2:12-cv-1945 TLN CKD

12              Plaintiff,

13       v.                                     ORDER

14   SEARS, ROEBUCK AND CO., et al.,

15              Defendants.

16

17          Plaintiff's motion to compel further responses to requests for admission came on regularly

18   for hearing October 16, 2013.  Galen Shimoda appeared for plaintiff.  Gary Basham appeared for

19   defendants.  Upon review of the documents in support and opposition, upon hearing the

20   arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

21          One of the purposes of Federal Rule of Civil Procedure 36 is to facilitate proof with

22   respect to issues that cannot be eliminated from the case.  Authentication via requests to admit the

23   genuineness of documents reduces trial time by obviating the need to call the custodian of

24   records.  When propounding requests for admission that ask a party to admit factual matters, the

25   request for admissions should not contain "compound, conjunctive, or disjunctive ... statements."

26   U.S. ex rel. England v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006).   "[T]he

27   requesting party bears the burden of setting forth its requests simply, directly, not vaguely or

28   ambiguously, and in such a manner that they can be answered with a simple admit or deny

                                                  1

1  without an explanation." <u>Henry v. Champlain Enterprises, Inc.</u>, 212 F.R.D. 73, 77 (N.D.N.Y.

2  2003).

3      Upon review of the requests for admission at issue, the court can discern no coherence to

4  the categories of documents plaintiff contends are represented in the various requests.  It is one

5  thing to propound a request for admission asking the opposing party to admit the genuineness of a

6  particular category of documents, such as COBRA invoices; it is another to include in the same

7  request for admission COBRA invoices, pay details, plaintiff's redacted phone records, and

8  unrelated correspondence.  The former is acceptable, the latter is not.

9      Accordingly, IT IS HEREBY ORDERED that:

10      1.  The motion to compel (ECF No. 25) is denied.

11      2.  Reasonable expenses are awarded to defendants against plaintiff in the amount of

12  $2,850.

13      3.  Should further discovery disputes arise for which the parties anticipate motion practice,

14  the parties are directed to contact the courtroom deputy of the undersigned to arrange a telephonic

15  conference prior to the filing of any discovery motion.

16  Dated:  October 17, 2013

17  _____
      CAROLYN K. DELANEY
18    UNITED STATES MAGISTRATE JUDGE

19

20  4 dayton2-1945.oah

21

22

23

24

25

26

27

28