UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY DAYTON, | No. 2:12-cv-1945 TLN CKD |
| Plaintiff, | |
| v. | ORDER |
| SEARS, ROEBUCK AND CO., et al., | |
| Defendants. | |

Plaintiff's motion to compel further responses to requests for admission came on regularly for hearing October 16, 2013.  Galen Shimoda appeared for plaintiff.  Gary Basham appeared for defendants.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

One of the purposes of Federal Rule of Civil Procedure 36 is to facilitate proof with respect to issues that cannot be eliminated from the case.  Authentication via requests to admit the genuineness of documents reduces trial time by obviating the need to call the custodian of records.  When propounding requests for admission that ask a party to admit factual matters, the request for admissions should not contain "compound, conjunctive, or disjunctive ... statements." U.S. ex rel. England v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006).  "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny

1

without an explanation." <u>Henry v. Champlain Enterprises, Inc.</u>, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

Upon review of the requests for admission at issue, the court can discern no coherence to the categories of documents plaintiff contends are represented in the various requests.  It is one thing to propound a request for admission asking the opposing party to admit the genuineness of a particular category of documents, such as COBRA invoices; it is another to include in the same request for admission COBRA invoices, pay details, plaintiff's redacted phone records, and unrelated correspondence.  The former is acceptable, the latter is not.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel (ECF No. 25) is denied.

2. Reasonable expenses are awarded to defendants against plaintiff in the amount of $2,850.

3. Should further discovery disputes arise for which the parties anticipate motion practice, the parties are directed to contact the courtroom deputy of the undersigned to arrange a telephonic conference prior to the filing of any discovery motion.

Dated:  October 17, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 dayton2-1945.oah