UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY A. DAYTON<br><br>                Plaintiff,<br><br>        v.<br><br>SEARS ROEBUCK AND CO.; SEARS HOLDINGS MANAGEMENT CORPORATION; and DOES 1 to 100, inclusive<br><br>                Defendants. | No. 2:12-cv-01945-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiff Judy A. Dayton's ("Plaintiff") motion to strike evidence (ECF No. 51) and Defendant Sears Roebuck and Company's and Defendant Sears Holdings Management Corporation's (collectively, "Defendants") motion to strike evidence (ECF No. 57). Plaintiff seeks to strike evidence used in support of Defendants' motion for summary judgment. (ECF No. 51.) Defendants oppose Plaintiff's motion and submit their own motion to strike Plaintiff's evidence offered in opposition to Defendants' motion for summary judgment. (ECF No. 57.) The Court has carefully considered the motions raised by both parties, as well all responses. The parties' motions are DENIED IN PART AND GRANTED IN PART.

///

1

I.      PROCEDURAL HISTORY

Plaintiff filed her complaint against her former employers, Defendants, on June 12, 2012, in Sacramento County Superior Court.  In her complaint, Plaintiff alleged that Defendants illegally discriminated against her and refused to accommodate her disability needs.  Defendants filed an answer on June 13, 2012.  On July 24, 2012, Defendants removed the case to federal court.  (ECF No. 1.)

On February 20, 2014, Defendants moved for summary judgment.  (ECF No. 33.)  Plaintiff opposed the motion (ECF. No. 38) and filed a motion to strike particular evidence.  (ECF No. 51.)  Defendants filed a reply to this motion (ECF No. 55) then filed their own motion to strike certain evidence (ECF No. 57).  Plaintiff filed a response to this motion.  (ECF No. 59.)

II.     FACTUAL BACKGROUND

Plaintiff alleges that she was forced to take medical leave from her position as assistant store manager of the Sears store at Sunrise Mall because Defendants refused to make reasonable accommodations for her when her chronic foot condition made her unable to perform her duties.  (ECF No. 1 at ¶¶ 7–14.)  Since 2002, Plaintiff has suffered from a degenerative type of arthritis in her right foot, known as Hallux Rigidus.  (ECF No. 1 at ¶ 14.)  As a result of this condition, Plaintiff wore special orthotics in her shoes and Defendants granted her a special accommodation to wear athletic shoes at work after Plaintiff provided the HR department with documentation of her condition in 2002.  (ECF No. 1 at ¶ 14.)

Plaintiff suffered increasing pain and was diagnosed with additional deformities of her foot and ankle in September of 2011.  (ECF No.1 at ¶ 18.)  When new orthotics did not relieve the pain, Plaintiff believed she needed a new position with less walking to accommodate her disability.  (ECF No. 1 at ¶ 8.)  Plaintiff alleges that Defendants discriminated against her in violation of California's Fair Employment and Housing Act ("FEHA"), Gov't. Code § 12900 et seq. by failing to accommodate this change in her disability status; failing to engage in the interactive process; discriminating and interfering in violation of the California Family Rights Act ("CFRA"), Gov't. Code § 12945.2; and wrongfully discharging Plaintiff in violation of public policy.  (ECF No. 1 at ¶¶ 14–18.)

III. STANDARD

In their respective motions, the parties are disputing evidence that falls outside the action's pleadings.[1]  The parties are looking to strike references made in exhibits and declarations, which are not pleadings.  The Ninth Circuit has found that "only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  For this reason, this Court will regard these motions to strike as "an invitation by the movant to consider whether the [proffered material] may properly be relied upon." *Natural Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1162 (E.D. Cal. 2008) (internal quotations and citation omitted.)  Generally, motions to strike are disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. 2011).

In addition, at the summary judgment stage, "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001).  The parties should be aware that their objections to particular evidence on grounds of hearsay or authentication are more properly brought as motions in limine before trial, if the case advances to that point.  Motions in limine are the proper vehicle for limiting testimony or evidence before a jury in a particular area.  *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009).  Therefore, the Court is not inclined to strike evidence at this stage of the action.

IV. ANALYSIS[2]

a. Evidence Plaintiff Moves to Strike

Defendants have moved for summary judgment in this case and rely on several pieces of evidence to which Plaintiff objects.[3]  First, Defendants' Motion for Summary Judgment

---

[1] The only documents considered pleadings are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7)… a reply to an answer." Fed. R. Civ. P. 7(a).

[2] While the Court recognizes that the Erie doctrine allows state rules that serve a substantive purpose to apply in federal court, the Court does not find such a conflict here.  *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (finding that California had established a substantive rule of admissibility pertaining to illegally taped conversations.)  The Court does not find that any of the parties' objections implicate a substantive rule of the kind discussed in *Feldman* and therefore will apply Federal Rules of Evidence to all evidence in these motions.

introduces documents obtained from CIGNA Insurance Company ("CIGNA") (ECF No. 37 at 58–59; ECF No 37-3 at 77–78; ECF No. 37-6 at 9–19).  (ECF No. 34 at 8.)  The documents detail Plaintiff's claim for disability benefits with CIGNA.  Neither Party disputes that Plaintiff filed a claim with CIGNA.  (Pl.'s Resp. to Defs.' Statement of Undisputed Fact, ECF No. 40 at 10.)  Defendants also rely on documents from the State of California Employment Development Department ("EDD") (ECF No. 37-3 at 8–18, 23–37, 45–69) and the Social Security Administration ("SSA") (ECF No. 37-3 at 71–75); (Pl.'s Mot. to Strike Defs.' Evidence, ECF No. 51 at 2–7.)  These documents, like those from CIGNA, relate to Plaintiff's disability benefits claims.

Defendants also cite to the declaration of Ms. Alison Hopkins (ECF No. 36) a member of the team that selected applicants for the position of territorial loss prevention manager, a position Plaintiff applied for but did not receive.  (ECF No. 34 at 15.)  Paragraphs 7 and 10 of the declaration discuss the process Ms. Ana Gunther—the hiring manager for the position—used to determine applicant's eligibility for the job.  (ECF No. 36 at ¶¶ 7, 10.)

Finally, Plaintiff has also moved to redact her birthday from a form entered into evidence as an attachment to Defendants' deposition excerpt from Plaintiff's deposition (ECF No. 37-6 at 13).  (ECF No. 51 at 8.)  Defendants do not oppose this motion.  (Defs.' Resp. and Opp'n to Pl.'s Mot. to Strike, ECF No. 55.)

b. <u>Evidence Defendants Move to Strike</u>

Plaintiff relies on several pieces of evidence in her summary judgment motion to which Defendants object.  First, Plaintiff cites two notes from her treating physician at the time of the alleged discrimination, Dr. Brian McDowell, dated December 23, 2011, (ECF No. 48-1 at 10) and February 6, 2012.  (ECF No. 45-5 at 2); (Plaintiff's Opposition to Summary Judgment, ECF No. 38 at 9–10, 12–13.)  These notes state that Plaintiff needed to be off her feet because of her condition.  (ECF No. 48-1 at 10; ECF No. 45-5 at 2.)  Plaintiff also relies on letters from Dr. Steven Shoemaker (ECF No. 45-3), her treating physician, to support Plaintiff's assertion that she

---

[3]The parties failed to adequately reference the documents they seek to have stricken.  In many instances, the parties provide no citation to the specific document they reference.  For this reason, the Court has cited the documents it encountered in its own analysis of the record that it presumes fits the vague descriptions the parties provided.

suffered from a continuing condition.  (Plaintiff's Response to Defendants' Motion to Strike, ECF No. 59 at 10–11.)

In numerous locations throughout the record, Plaintiff also states that she "was told there was no position available that requires no walking and accommodations could not be made." (*See, e.g.*, ECF No. 43-1 at 18, 29, 30.)  Likewise, Plaintiff states that she was "forced" or "coerced" into taking a medical leave and that she would have preferred to have continued working, but in a different position.  (*See, e.g.*, ECF No. 42 at ¶¶ 5, 13, 25.)  Plaintiff's March 10, 2014 declaration asserts that she believed her condition to be "permanent" or "not temporary" (ECF No. 43-1 at 34) and Plaintiff relies on these statements to support her claim that Defendants did not attempt to reasonably accommodate her.  (ECF No. 38 at 10–15.)

Plaintiff further supports her opposition with deposition testimony from Mr. Alex Garcia, the human resources manager of her store, stating that he believed Ms. Nichols was "dominant," "controlling," and "a micromanager" (ECF No. 44 at 10) to support Plaintiff's contentions about the work environment at Defendants' Sunrise Mall store.  (ECF No. 38 at 16.)  Plaintiff also relies on her own declaration that Ms. Nichols told Plaintiff to "bring all issues and problems to [Ms. Nichols] first and not anyone else," (ECF No. 42 at 2) to explain why Plaintiff did not bring her problems to other managers.  (ECF No. 59 at 10.)

Plaintiff relies on deposition testimony from Ms. Maria Vallejo (ECF No. 44-2 at 4–5) and Mr. Garcia (ECF No. 44 at 12–13) stating that they saw Plaintiff limping in order to demonstrate that Defendants were aware of Plaintiff's condition before the discriminatory events alleged in the complaint.  (ECF No. 38 at 9.)  Along with these statements, Plaintiff supports her motion with Mr. Garcia's testimony (ECF No. 44 at 14) that he believes requiring Defendants' employees to contact 88Sears—an HR call center based in India—was "ridiculous" for dealing with legal and discrimination issues.  (ECF No. 38 at 8.)

Finally, Plaintiff has entered into the record an EEOC 2009 Consent Decree from a disability discrimination suit in Federal District Court for the Northern District of Illinois previously filed against Defendants.  (ECF No. 38 at 8 n. 4; ECF No. 41 at ¶ 24; ECF No. 46-9.)

Plaintiff argues that this decree demonstrates Defendants' practices regarding accommodating employees with disabilities. (ECF No. 59 at 12.)

### c. Relevance

Defendants have objected to the relevance of multiple pieces of evidence.[4] The test for relevance under Federal Rule of Evidence 401 is whether the evidence "has any tendency to make a fact more or less probable than it would be without the evidence." The standard for relevance is a very low bar that is easily met. *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981). With the exception of the EEOC 2009 Consent Decree, the Court finds that each piece of evidence Defendants object to on relevance grounds has some tendency to make a material fact more or less probable and is therefore relevant. As such, the Court denies Defendants' motion to strike on grounds of relevance. Plaintiff has made no objections to the relevance of any contested evidence.

Defendants object to an EEOC 2009 Consent Decree Plaintiff submitted as evidence. (ECF No. 57 at 11.) The Court agrees that, as currently introduced by Plaintiff, the Decree is irrelevant and therefore the Court will not rely on it during summary judgment. However, the Court declines to strike the Decree as it may have possible bearing on the subject matter of the litigation outside the summary judgment context. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Therefore, the Court declines to strike the Decree at this juncture and finds Defendants' motion to strike is denied as moot. *Carrillo v. Schneider Logistics Trans-Loading & Distribution, Inc.*, 2:11-CV-8557-CAS DTB, 2014 WL 172516 (C.D. Cal. Jan. 14, 2014).

///

///

---

[4] Specifically, Defendants object to Dr. McDowell's note dated December 23, 2011, (ECF No. 48-1 at 10); Dr. McDowell's note dated February 6, 2012, (ECF No. 45-5 at 2); Plaintiff's statements that she was "forced" or "coerced" to go on medical leave (stated numerous places, but specifically in ECF No. 42 at ¶¶5, 13, and 25); Plaintiff's opinion that Kathy Nichols was controlling and a micromanager (ECF No. 42 at ¶ 4); Mr. Garcia's testimony that Kathy Nichols was a micromanager (ECF No. 44 at 10); all of Dr. Shoemaker's letters regarding Plaintiff's physical restrictions (ECF No. 45-3); testimony of Ms. Vallejo and Mr. Garcia that they observed Plaintiff limping (ECF No. 44-2 at 4–5; ECF No. 44 at 12–13); testimony from Mr. Garcia that contacting 88Sears or India-based personnel for legal issues is "ridiculous" (ECF No. 44 at 14); and the EEOC 2009 Consent Decree (ECF No. 41 at ¶ 24; ECF No. 46-9). (ECF No. 57.)

d.  Authentication

Plaintiff argues that various documents submitted by Defendants are not properly authenticated. Plaintiff objects to the use of documents from CIGNA, the EDD, and the SSA. (ECF No. 51 at 3, 4, 7.) Defendants similarly object to Plaintiff's use of Dr. McDowell's February 6, 2012 note. (ECF No. 57 at 5.) The Court does not find these objections convincing.

First, Plaintiff themselves produced the EDD and SSA documents at issue during discovery, and therefore cannot now object to their authenticity. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004). With regard to the CIGNA documents, the Court cannot determine which CIGNA documents Plaintiff claims are not authentic and therefore cannot judge their authenticity. For these reasons, Plaintiff's motion with respect to the EDD, SSA, and CIGNA documents is denied.

Regarding Dr. McDowell's February 6, 2012, note, Plaintiff produced deposition testimony wherein Dr. McDowell confirms that the note came from his office. (ECF No. 44-3 at 5.) "FRE 901(b)(1) provides that a witness with knowledge of a document can authenticate it by testifying that it is 'what it is claimed to be.'" *United States v. Estrada-Eliverio*, 583 F.3d 669, 672 (9th Cir. 2009). The Court finds that the foundation Plaintiff has presented bears enough indicia of reliability that the note is authentic. The Court denies Defendants' motion on this matter.

e.  Hearsay

Both parties have objected to several pieces of evidence on hearsay grounds. The Court has grouped the evidence by the applicable exception from the hearsay exclusion to be discussed below. *See* Fed. R. Evid. 801(d). Generally, the Court finds that not one of the pieces of evidence objected to is inadmissible hearsay. The Court further admonishes the parties that motions for exclusion of evidence on the basis of hearsay must be rooted in reasoning greater than the simple assertion that the statement was made outside the courtroom. Moreover, at the summary judgment stage, the Court "do[es] not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

### i. Not for the Truth of the Matter Asserted

Defendants object to Dr. McDowell's December 23, 2011, note and his February 6, 2012, note, as well as Plaintiff's statements that she was told there was no position available with no walking, and Plaintiff's statement that Ms. Nichols told Plaintiff to bring all problems to Ms. Nichols on the grounds that these statements are hearsay. (ECF No. 57 at 3–4, 6, 9.) These statements are not hearsay. Hearsay is an out of court statement used to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Plaintiff is not using these statements to prove that Defendants had no positions available, or to prove that Plaintiff was not able to bring any problems to other supervisors. Plaintiff is using all these statements to explain their effect on the listener. In that case, it does not matter whether the statements themselves are true, only that they were made. The Court finds these statements are not hearsay and denies Defendants' motion to strike them.

### ii. Statement of Party Opponent

Defendants object to Plaintiff's statements that Ms. Nichols told Plaintiff "there was no position available that requires no walking" and that Plaintiff was to "bring all problems to [Ms. Nichols] and no one else." (ECF No. 57 at 4, 9.) Any statements Ms. Nichols made to Plaintiff in her official capacity as store manager are statements of party opponent. Statements of party opponents are not hearsay under Fed. R. Evid. 801(d)(2) and are admissible. For this reason, Plaintiff's motion to strike these statements is denied.

### iii. Records of a Regularly Conducted Activity

Plaintiff objects to the admission of documents from CIGNA, EDD, and SSA on the grounds that they are hearsay. (ECF No. 51 at 2, 5, 6.) Some of these documents are attached as exhibits to deposition transcripts, in which Plaintiff acknowledged that she had filled out these documents or received them from their respective agencies around the time of the events. (ECF No. 37-5 at 115–116; ECF No. 37-6 at 1–5, 9–18.) Others are attached to requests for admissions sent to Plaintiff by Defendants, in which Plaintiff acknowledges the accuracy of the information contained in the documents. (ECF No. 37-3.) The Court believes this testimony is sufficient to find that these documents can be considered at the summary judgment stage. *Goodale*, 342 F.3d

at 1037 (finding that, because the information contained in a particular diary could be admitted into court in a variety of ways, the diary itself could be considered at the summary judgment stage). While Defendants may need to demonstrate more at trial to show that these records constitute business records under Fed. R. Evid. 803(6), the Court finds them sufficiently reliable at this stage and denies Plaintiff's motion to strike these documents.

    f. Lack of Personal Knowledge

  The parties also seek to strike various statements on the grounds that their declarants lack personal knowledge of the statements. Plaintiff objects to portions of Ms. Hopkins' declaration and Defendants object to: Dr. McDowell's notes dated December 23, 2011, and February 6, 2012; Plaintiff's statements that her condition was "permanent;" and Mr. Garcia's statement that using 88Sears was for legal issues like disability discrimination "ridiculous." Personal knowledge is required for all testimony under Fed. R. Civ. Pro. 56(c)(4). However, a declarant's personal knowledge can be inferred from the declaration itself. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990). For the reasons set forth below, the Court finds there is sufficient personal knowledge alleged by declarants within these statements. Plaintiff's and Defendants' motions relating to these statements are denied.

    i. <u>Alison Hopkins' Declaration</u>

  Plaintiff objects to Ms. Hopkins' statements in paragraphs 4 and 7 of her declaration, describing the candidate selection process and candidate qualifications for a sedentary position Plaintiff sought. (ECF No. 51 at 7.) Ms. Hopkins states in her declaration that she was responsible for the initial recruitment and screening process for the resumes submitted. (ECF No. 36 at 2.) Ms. Hopkins was also responsible for updating the store system to reflect which candidates had been selected and which had not, and she sent out the emails to the candidates informing them whether or not they had advanced in the hiring process. (ECF No. 36 at 2–3.) Because of Ms. Hopkins' stated responsibilities with respect to this position, Ms. Hopkins would be expected to have personal knowledge of the process. Ms. Hopkins only speaks to her own experience and not to the personal knowledge of any other individual. For these reasons, Plaintiff's motion to strike this declaration is denied.

ii. Dr. McDowell's Notes

Defendants object to Dr. McDowell's statement in his December 23, 2011, note that "patient needs sedentary work with no walking," as well as his statement from his February 6, 2012, note in which he extended Plaintiff's leave of absence "because her employer had no sedentary work." (ECF No. 57 at 2, 6.) Defendants claim that Dr. McDowell lacks personal knowledge as to whether Plaintiff needed to perform sedentary work. Defendants also take issue with Dr. McDowell's statement during his deposition that he meant "limited walking" rather than "no walking," (ECF No. 37-9 at 17) and claim that this shows Dr. McDowell was simply writing what Plaintiff asked and did not examine her himself. (ECF No. 57 at 2.)

The Court finds these arguments unconvincing and unnecessarily pedantic. Dr. McDowell was Plaintiff's treating physician at the time the notes were written and therefore had knowledge of her condition. (ECF No. 59 at 2.) Dr. McDowell wrote his notes based on the information Plaintiff provided and his own assessment of her record. (ECF No. 44-3 at 3–14.) The Court finds Dr. McDowell's notes were based on personal knowledge. Thus, Defendants' motion to strike these documents is denied.

iii. Plaintiff's Statement that Her Condition Was Permanent

Defendants object to Plaintiff's statements that her condition "was not temporary" or "was permanent" on the grounds that Plaintiff lacks personal knowledge to make this assertion. (ECF No. 57 at 7–8.) The Court invites Defendants to explain who might have personal knowledge of Plaintiff's pain if Plaintiff herself does not. If Defendants intend to argue that Plaintiff's statement is an improper expert opinion, they would similarly be mistaken. Plaintiff's statement is not intended to speak to the truth of the matter asserted, as an expert opinion might. Fed. R. Evid. 801(c). Instead, Plaintiff's statement speaks to her own state of mind, of which she has plentiful personal knowledge. The Court considers Plaintiff's statements to reflect Plaintiff's *belief* that her condition was not temporary.

iv. Alex Garcia's Comment about "88Sears"

Defendants argue that Mr. Garcia's comments, concerning the requirement that Defendants' employees contact 88Sears or India-based personnel for legal issues was

"ridiculous," are improper lay opinion. (ECF No. 57 at 10.) Like Plaintiff's statements about her condition, the Court finds these comments by Mr. Garcia to be based on personal experience and not an expert assessment of the 88Sears process. Defendants' motion to strike these statements is denied.

   g. Collateral Source Rule

Plaintiff objects to documents from CIGNA, the EDD, and the SSA on the grounds that they violate the collateral source rule. The collateral source rule only prohibits information about funds received from an outside source from being used to determine damages. *McLean v. Runyon*, 222 F.3d 1150, 1155–56 (9th Cir. 2000). Defendants have stated they want the evidence for purposes other than damages. At this stage in the litigation, the Court finds that the documents do not violate the collateral source rule as Defendants intend to use them, and therefore Plaintiff's motion on this matter is denied.

   h. Statutory Prohibitions

Plaintiff claims that documents from the EDD and SSA cannot be used as evidence because they contain confidential evidence. Plaintiff cites California Unemployment Insurance Code sections 2714 and 2111 to support the argument that documents from the EDD are not admissible, and 20 C.F.R. sections 401.125, 401.140, and 402.10 to support the argument documents from the SSA are not admissible. (ECF No. 51 at 4–6.) Plaintiff's arguments are meritless. These statutes deal with what the administrations themselves are allowed to reveal, not with what evidence can be used in court. 20 C.F.R. § 401.5; Ca Unemp Ins §§ 1094, 1095. Plaintiff's motion relating to these documents is denied.

   i. Improper Character Evidence

Defendants object to Mr. Garcia's comments that Ms. Nichols was a "micromanager" on the grounds that this is improper character evidence. (ECF No. 57 at 8.) Under Fed. R. Evid. 404(a), evidence of a person's character cannot be used to prove that "on a particular occasion the person acted in accordance with the character or trait." The Court finds that Plaintiff offers these comments not for the truth of the matter, but to explain why Plaintiff took certain actions. For

this reason, they are not improper character evidence.  At this stage, the Court declines to strike these comments, but will allow the parties to raise the issue again in motions in limine.

V.     CONCLUSION

Plaintiff's motion to strike various pieces of evidence used in support of Defendants' summary judgment motion (ECF No. 51) is DENIED IN PART AND GRANTED IN PART. Defendants' motion to strike various pieces of evidence used in support of Plaintiff's opposition to summary judgment (ECF No. 57) is DENIED.  The Court finds the following:

- Defendants' motion to strike evidence related to the EEOC 2009 Consent Decree is DENIED AS MOOT;
- Plaintiff's motion to strike documents from CIGNA  is DENIED;
- Plaintiff's motion to strike documents from the EDD is DENIED;
- Plaintiff's motion to strike documents from the SSA is DENIED;
- Plaintiff's motion to strike portions of Ms. Hopkins' declaration is DENIED;
- Plaintiff's motion to redact Plaintiff's date of birth from Defendants' excerpt of Judy Dayton's Deposition, Vol. II, Ex. 6, attached as Defendant's Exhibit 11 to the Declaration of Nancy McCoy in Support of Motion for Summary Judgment is GRANTED; Defendants are instructed to refile the exhibit with the appropriate redactions so that the Court may update the docket and seal the original filing;
- Defendants' motion to strike Dr. McDowell's note dated December 23, 2011, is DENIED;
- Defendant's motion to strike Dr. McDowell's note dated February 6, 2012, is DENIED;
- Defendants' motion to strike Plaintiff's statements that she was "told there was no position available that requires no walking" is DENIED;
- Defendants' motion to strike Plaintiff's statements that she was "forced" or "coerced" to go on medical leave is DENIED;
- Defendants' motion to strike Plaintiff's statements that her medical condition was "permanent" or "was not temporary" is DENIED;
- Defendants' motion to strike Mr. Garcia's comments that Ms. Nichols was "dominant," "controlling," or "a micromanager" is DENIED;

- Defendants' motion to strike Plaintiff's statement that Ms. Nichols told Plaintiff to bring all issues and problems to Ms. Nichols first is DENIED;
- Defendants' motion to strike all evidence from Dr. Shoemaker's letters regarding Plaintiff's physical restrictions is DENIED;
- Defendants' motion to strike deposition testimony of Ms. Vallejo regarding observing Plaintiff limping is DENIED;
- Defendants' motion to strike deposition testimony of Mr. Garcia regarding observing Plaintiff limping is DENIED;
- Defendants' motion to strike Mr. Garcia's comments where he agrees that requiring employees to contact 88Sears or India-based personnel for legal issues is "ridiculous" is DENIED.
- The parties are hereby warned that this Court will not look favorably upon further motions of this type since objections to particular evidence on grounds of hearsay or authentication are more properly brought as motions in limine before trial.

IT IS SO ORDERED.

Dated: November 5, 2014

_____
Troy L. Nunley
United States District Judge